**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivy Johnson,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-17-04793-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Ivy Johnson's Application for Disability Insurance Benefits by the Social Security Administration (SSA) under the Social Security Act. Plaintiff filed a Complaint (Doc. 1), and an Amended Complaint (Doc. 14), with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 24, Pl. Br.), Defendant Social Security Administration Commissioner's Response Brief (Doc. 28, Def. Br.), and Plaintiff's Reply Brief (Doc. 29, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 18, R.) and now affirms the Administrative Law Judge's decision (R. at 15–33) as upheld by the Appeals Council (R. at 1–6).

**I. BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on February 21, 2012 for a period of disability beginning on February 17, 2011. (R. at 67.) On January 23, 2013, Plaintiff appeared and testified before an Administrative Law Judge (ALJ). (R. at 99.) The

ALJ denied her claim but the Appeals Council remanded the case for a reassessment of Plaintiff's residual functional capacity (RFC) showing full consideration of Plaintiff's mental impairments. (R. at 119.) Plaintiff's second hearing before the ALJ was on October 18, 2016. (R. at 15.) The same ALJ denied her claim on January 4, 2017. On November 17, 2017, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 1.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. At the second hearing, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: cardiac arrhythmia with pacemaker implant and hypertension. (R. at 20.) Unlike at the first hearing, the ALJ did not consider Plaintiff's affective disorder a severe impairment. (R. at 20, 101.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff is not disabled. (R. at 27.) The ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 22.) The ALJ found that Plaintiff has the RFC to perform "light work," except that she would be prevented from "climbing ladders, ropes or scaffolds, frequent climbing ramps and stairs and frequent balancing, stooping, kneeling, crouching, and crawling." (R. at 22.) Furthermore, the ALJ found that Plaintiff should not be exposed to "dust, fumes, gases, or other respiratory irritants," and that she has "the ability to understand, remember and carry out detailed instructions." (R. at 22.) Consequently, the ALJ concluded that Plaintiff "was capable of performing past relevant work as a social worker and social worker (mental)." (R. at 26.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn*, 495 F.3d at 630. Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20

C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises three arguments for the Court's consideration. (Pl. Br. at 1.) First, Plaintiff argues that the ALJ erred by giving minimal weight to the opinion of Dr. Kevin Berman, Plaintiff's treating cardiologist. (Pl. Br. at 1.) Next, Plaintiff argues that the ALJ improperly weighed medical opinions concerning Plaintiff's mental impairments. (Pl. Br. at 1.) Finally, Plaintiff argues that the ALJ did not properly credit Plaintiff's testimony regarding the severity of her symptoms. (Pl. Br. at 1.) The Court disagrees with all three of Plaintiff's arguments. To the extent the ALJ erred, such error was harmless because substantial evidence supports the ALJ's non-disability determination.

**A. The ALJ did not err by giving Dr. Berman's opinion minimal weight.**

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as 'it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the record].'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)(2)). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(d)(2)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. However, if a treating physician's opinion is contradicted by another doctor's opinion, the ALJ can reject the treating physician's opinion by "setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

On August 5, 2011, Dr. Berman completed an Attending Physician's Statement of

Disability for Plaintiff. (R. at 338.) Dr. Berman diagnosed Plaintiff with syncope, hypertension, left bundle branch block, and symptoms of vertigo. (R. at 338.) He opined that Plaintiff had various functional limitations including, an ability to sit, stand, and walk for only one hour per day. (R. at 338.) He also found that Plaintiff could occasionally bend, stoop, climb, push, pull, lift, and carry up to 20 pounds. (R. at 338.) Conversely, Dr. Berman found that Plaintiff had no limitations in cardiac functioning. (R. at 339.)

The ALJ gave Dr. Berman's opinion minimal weight for two reasons. (R. at 25.) The first reason was that Dr. Berman's opinion was internally inconsistent with other records from Cardiovascular Consultants, the clinic where Dr. Berman treated Plaintiff. (R. at 25.) The second reason was that Dr. Berman's opinion was inconsistent with other medical evidence in the record. (R. at 25.) Both are specific and legitimate reasons to reject Dr. Berman's opinion and they are supported by substantial evidence in the record. *See Murray*, 722 F.2d at 502.

Dr. Berman's opinion was inconsistent with other medical records from Cardiovascular Consultants. In June 2012, Plaintiff was essentially normal during an appointment with Dr. Berman following a right-ventricle lead revision. (R. at 497.) Plaintiff denied palpitations, irregular heartbeats, dizziness, and syncope. (R. at 497.) Her physical examination results were normal, and Dr. Berman found her "to be stable from a cardiovascular standpoint." (R. at 499.) In March 2013, Plaintiff presented with dyspnea with exertion, shortness of breath, and only mild chest pain. (R. at 731.) Plaintiff complained of chest pain, shortness of breath, and dizziness in May, August, September, and October 2013. (R. at 715, 721, 724, 728.)

However, these medical records do not indicate that Plaintiff was suffering from significant symptoms or limitations. Nor are they consistent with the level of impairment opined by Dr. Berman. The ALJ was correct in noting that Dr. Berman's treatment notes fail to explain the impairments he opined to. (R. at 25.) Plaintiff misinterprets the ALJ's critique as Dr. Berman's failure to explain the symptoms underlying the impairments. (Pl. Br. at 7.) Instead, the ALJ gives Dr. Berman's opinion minimal weight because it does not

explain why Plaintiff's limitations are supported by her diagnosed impairments. Since the ALJ is responsible for resolving conflicts in the medical evidence, his decision is entitled to deference. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Consequently, the ALJ did not err by finding that the level of impairment found by Dr. Berman was inconsistent with other records from the same provider.

Similarly, the ALJ did not err by finding that Dr. Berman's opinion was inconsistent with the rest of the record. The record contains evidence that indicates Plaintiff has experienced some symptoms and impairments. Still, the relevant analysis is whether substantial evidence supports the ALJ's finding that the record is inconsistent with impairments of the magnitude found by Dr. Berman. And substantial evidence does support that finding.

Hospital stays and emergency room visits generally indicate that Plaintiff experienced some symptoms and impairments but not to the magnitude opined by Dr. Berman. During an emergency room visit in February 2012, Plaintiff was "stable from a cardiac perspective," had "no symptoms whatsoever," and had "absolutely no pain or discomfort." (R. at 402.) Hospital and emergency room visits during May of 2012 featured complaints of temporary chest pain that quickly resolved. (R. at 450, 537.) In June 2013, Plaintiff was admitted to the hospital with chest pain, but was released the next day after doctors observed she was stable and asymptomatic. (R. at 675.) It was noted that her chest pain was noncardiac in nature. (R. at 674.) Finally, in April 2014, Plaintiff reported to Arizona Heart Institute with no chest discomfort or any "symptoms attributable to valvular heart disease." (R. at 822.)

Ultimately, substantial evidence supports the ALJ's finding that the record contradicts the magnitude of limitations opined by Dr. Berman. Although some evidence in the record is consistent with the limitations opined by Dr. Berman, the weight of the evidence does not support his opinion. Because substantial evidence supports the ALJ's weighing of Dr. Berman's opinion, the Court defers to the ALJ's judgment. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194 (9th Cir. 2004) (declaring that when

competing rational inferences can be drawn from the record, the ALJ's decision should be upheld). Consequently, the ALJ did not err by giving Dr. Berman's opinion minimal weight.

> **B. The ALJ did not err by giving little weight to the opinions of Dr. Marcel Van Eerd, Plaintiff's examining psychologist, and Elliot Salk, Ph.D., Plaintiff's reviewing doctor.**

Even though Plaintiff has never undergone psychiatric treatment, two doctors offered opinions on whether she has any psychological impairments. On July 5, 2013, Dr. Van Eerd conducted a mental status exam on Plaintiff and diagnosed her with an adjustment reaction with depressed mood. (R. at 594.) He opined that Plaintiff appeared capable of a variety of functional tasks, though she would occasionally perform slowly or become distracted. (R. at 595–597.) On July 11, 2013, Elliot Salk Ph.D., on review, opined that Plaintiff has an affective disorder—a mental impairment that does not precisely satisfy the diagnostic criteria for other listed disorders. (R. at 87.) He opined that Plaintiff has mild limitations in the activities of daily living and maintaining social functioning, but moderate limitations in maintaining concentration, persistence, or pace. (R. at 87.)

An examining physician's opinion is generally entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). An ALJ must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician. *Id*. Even if the opinion of an examining physician is contradicted by the opinion of another doctor, the examining physician's opinion can only be rejected for specific and legitimate reasons supported by substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Conversely, a nonexamining physician's opinion can serve as substantial evidence supporting an ALJ's opinion only when it is supported by, and consistent with, other evidence in the record. *Id*. at 1041.

The ALJ gave both opinions little weight for a sufficient reason—their inconsistency with the facts of the case. (R. at 22.) Though Dr. Van Eerd and Elliot Salk, Ph.D., opined that Plaintiff has mental impairments, the ALJ was justified in concluding

that the record does not support either opinion. Specifically, the ALJ noted that the record contains no evidence of Plaintiff undergoing formal mental health treatment. (R. at 22.) An absence of evidence due to conservative or nonexistent treatment is a justifiable reason for an ALJ to reject a doctor's opinion. *Batson*, 359 F.3d at 1195. It is noteworthy that neither Dr. Van Eerd, nor Elliot Salk, Ph.D., are Plaintiff's treating physician, and the record does not indicate that Plaintiff has a treating mental health doctor. Plaintiff denied mental health treatment history during her consultation with Dr. Van Eerd. (R. at 593.)

Consequently, the ALJ did not err in giving little weight to their opinions. The lack of evidence in the record supporting either opinion is a specific and legitimate reason for rejecting Dr. Van Eerd's opinion. *See Andrews*, 53 F.3d at 1043. And Elliot Salk's opinion cannot serve as substantial evidence because it is not supported or consistent with the rest of the record. *See Id.* at 1041.

Plaintiff also argues that the ALJ erred by finding that Plaintiff's affective disorder is not a severe impairment. (Pl. Br. at 7.) Plaintiff claims that because the first ALJ that denied her claim found that her affective disorder was a severe impairment, the second ALJ was bound to that finding. (Pl. Br. at 8.) The Court agrees with Plaintiff, however, the ALJ's error was harmless.

The law of the case doctrine applies in Social Security cases. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). The doctrine provides that courts are generally prohibited from considering an issue that has been decided by the same court or a higher court in the same case. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). The doctrine is discretionary and concerned with efficiency. It will not apply if the evidence on remand is substantially different than the evidence presented in the first decision. *Stacy*, 825 F.3d at 567.

Here, the doctrine applies and the ALJ should not have reconsidered whether Plaintiff's affective disorder is a severe impairment. This is because the first ALJ (the same court) had already considered the exact same evidence (Dr. Van Eerd's and Elliot Salk's opinions) related to Plaintiff's mental impairments. Therefore, the ALJ's finding that

Plaintiff's affective disorder was not a severe impairment was error.

Nevertheless, it was a harmless error. An error is harmless where it does not affect the ALJ's ultimate disability determination. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The Court looks to the entire record to determine whether the ALJ's error was harmless. *Id.*

Here, the ALJ's error was harmless. On remand from the Appeals Council, the ALJ was instructed to calculate Plaintiff's RFC with full consideration of Plaintiff's mental impairments as indicated by the record. (R. at 119.) The ALJ was further instructed to obtain evidence from a vocational expert considering Plaintiff's limitations as indicated by the whole record. (R. at 119.) Nothing in the record indicates that the ALJ did not perform the assigned tasks or that the ALJ's disability determination would have changed if he considered Plaintiff's affective disorder a severe impairment.

The ALJ accepted Plaintiff's affective disorder as a medically determinable impairment—an impairment established by medical evidence. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005.) But the ALJ's review of the actual functional limitations stemming from the impairment demonstrates that his disability determination would not have changed if Plaintiff's affective disorder was considered a severe impairment. Based on the evidence in the record, the ALJ found that Plaintiff had only mild limitations in (1) activities of daily living, (2) social functioning, (3) concentration, persistence, or pace. (R. at 21.) He further found that Plaintiff had no episodes of decompensation. (R. at 22.) Since the record does not indicate that the ALJ's errant treatment of Plaintiff's affective disorder as a non-severe impairment would have changed the nondisability determination, the ALJ's error was harmless.

**C.    The ALJ did not err by finding that Plaintiff's testimony regarding the severity of her symptoms was unsupported by the record.**

On October 18, 2016, Plaintiff testified before the ALJ regarding her limitations due to her impairments. (R. at 49–65.) She testified that her impairments prevent her from performing the tasks and responsibilities of her past employment. (R. at 53.) Plaintiff also

described her symptoms and their severity. In particular, she described dizziness leading to unconsciousness, high-pressure chest pain, depression due to her physical ailments, and short-term memory issues. (R. at 54, 55, 58.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison*, 759 F.3d at 1014. First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Liegenfelter*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Additionally, if the ALJ rejects a Plaintiff's symptom testimony for a single permissible purpose, then the ALJ's errant rejection of the testimony for other additional reasons is harmless. *See Carmickle*, 533 F.3d at 1162.

Here, the ALJ rejected Plaintiff's symptom testimony for two reasons. The first reason was that Plaintiff's testimony regarding the severity of her symptoms is inconsistent with the rest of the record. (R. at 23.) The second reason was that Plaintiff's daily activities could not be objectively verified. (R. at 23.) The first reason is valid, but the second is invalid. Nevertheless, the ALJ's error was harmless.

As discussed in sections A and B, *supra*, the record substantially supports the ALJ's finding that the severity of Plaintiff's described symptoms is inconsistent with the evidence. With respect to Plaintiff's physical impairments, the record indicates that the Plaintiff's symptoms improved after her pacemaker surgery in June 2011 and her right ventricular lead revision in February 2012. (R. at 675, 731, 743, 822.) The ALJ supported his conclusions with this evidence of improvement. (R. at 23, 24.) As for Plaintiff's mental impairments, the ALJ correctly noted that the absence of mental health treatment in the record contradicts Plaintiff's testimony regarding the severity of mental health

impairments. (R. at 22, 593.)

The ALJ's rejection of Plaintiff's testimony regarding the severity of her symptoms was not error. Plaintiff's testimony was inconsistent with the rest of record and the ALJ's rejection on that basis is a specific, clear and convincing reason for doing so. *See Garrison*, 759 F.3d at 1014–15. Furthermore, that reasoning is supported by substantial evidence.

Plaintiff also argues that the ALJ rejected Plaintiff's testimony for a separate, impermissible purpose. The Court agrees. The ALJ's rejection of Plaintiff's testimony because her daily activities are not verifiable is not a valid reason for rejecting her testimony. See SSR 16-3p(2)(d). Nevertheless, when an ALJ offers a sufficient reason supported by substantial evidence for rejecting Plaintiff's testimony alongside invalid reasons, the ALJ's error is harmless. *See Carmickle*, 533 F.3d at 1162. Thus, the Court will not disturb the ALJ's rejection of Plaintiff's symptom testimony or the ALJ's ultimate finding of non-disability.

**IT IS THEREFORE ORDERED** affirming the January 4, 2017 decision of the Administrative Law Judge, (R. at 15–33), as upheld by the Appeals Council on November 17, 2017 (R. at 1–6.).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 4th day of November, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge